IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHNNY GIBBS and HOLLY GIBBS,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-00228-M** |
| | § | **ECF** |
| **MICHAEL MINER, M.D., et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for

pretrial management.  Defendant United States filed a Motion to Dismiss for Lack of Subject Matter

Jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) ("Motion," doc.  8).  Neither Johnny Gibbs ("Mr.

Gibbs") nor Holly Gibbs (together, "Plaintiffs") responded to the Motion, and the time to respond

has expired.

**Statement of the Case**

Plaintiffs filed suit in state court in Dallas County, Texas, against Michael Miner, M.D. ("Dr.

Miner"), Erika Petersen, M.D. ("Dr.  Petersen"), Atif Haque, M.D. ("Dr.  Haque"), and The

University of Texas Southwest Medical Center at Dallas ("UTSW").  Plaintiffs brought their action

pursuant to the Texas Tort Claims Act and the Medical Liability Act of the Texas Civil Practice and

Remedies Code, claiming physician employees of the United States Department of Veterans Affairs

("VA") at the Dallas VA Medical Center and a physician at UTSW negligently performed back

surgeries on Mr. Gibbs, resulting in personal injuries.  At the time of the events giving rise to

Plaintiffs' claims, Dr. Petersen and Dr. Haque were acting within the scope of their employment as

medical residents appointed to the VA.  Plaintiffs' allegations of wrongdoing with respect to Dr.

Petersen and Dr. Haque bring this suit within the scope of the Federal Tort Claims Act, 28 U.S.C.

§§ 2671, *et seq*. (the "FTCA").  Before removal to this Court, the state court deemed the action

against Dr. Petersen and Dr. Haque to be a tort action against the United States and substituted the

United States by operation of law as the proper Defendant under the FTCA.  The United States

removed the action to this Court on February 5, 2010.  The United States seeks dismissal pursuant

to FED. R. CIV. P. 12(b)(1) on the ground that the Court lacks subject matter jurisdiction due to

Plaintiffs' failure to exhaust the required administrative remedies.

### Exhaustion of Administrative Remedies

Federal courts are courts of limited jurisdiction and must have statutory or constitutional

power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010

(5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, federal courts lack the

power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.;*

*Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United*

*States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

As a jurisdictional requisite to maintaining a suit against the United States under the FTCA,

a plaintiff is required to first present notice of his or her claim to the appropriate federal agency by

filing a claim.  *Frantz v. United States*, 29 F.3d 222, 223 (5th Cir. 1994), (citing 28 U.S.C.

§ 2675(a)).  In this case, it is undisputed that the VA is the appropriate agency.  A plaintiff may

bring a claim under the FTCA only when: (1) the agency has denied the claim in a writing sent to

the claimant by certified or registered mail, or (2) the claim is deemed denied by the passage of six

months from its filing date without disposition.  28 U.S.C. § 2675(a).[1]  Since a suit under the FTCA

constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed,

and the administrative prerequisite cannot be waived.  *Gregory v. Mitchell*, 634 F.2d 199, 203-204

(5th Cir. 1981).  A plaintiff's failure to wait the requisite six-month period before filing suit is a

jurisdictional defect which renders an action void *ab initio*.  *Id*.  Therefore, a court may not stay or

hold in abeyance a prematurely filed FTCA suit pending expiration of the six-month period.  *Id*.

Moreover, even if a court had jurisdiction, allowing unexhausted claims to remain in court until the

six-month period expired would thwart the purposes of the statute, spur unnecessary litigation, and

slow the legal process.  *Id*.

Plaintiffs submitted their claims to the VA on October 28, 2009, and filed this action in a

state court in Dallas County, Texas, on January 11, 2010.  Before the suit was filed, the VA had not

denied Plaintiffs' claims nor had the VA's six-month period to consider Plaintiffs' claims expired.

Plaintiffs have not met the jurisdictional prerequisite of presentment of notice by exhausting their

administrative remedies.  This Court lacks jurisdiction over Plaintiffs' claims against the United

States, and the FTCA claims must be dismissed.  The only remaining claims are pendant state law

---

[1]  The statute's terms provide in pertinent part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675.

claims for damages against Dr. Miner and UTSW under the Texas Tort Claims Act and the Medical

Liability Act of the Texas Civil Practice and Remedies Code.

A district court may decline to exercise supplemental jurisdiction over state law claims if all

claims over which the court has original jurisdiction have been dismissed. 28 U.S.C.A. § 1367.  The

District Court has discretion to find that this case, now raising only state-law issues, should  be

remanded to the state courts for determination.  *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*,

535 U.S. 613, 624 (2002); 28 U.S.C. § 1367(c)(3).  Under the circumstances of this case, the District

Court should remand the pendant state law claims to the 101st Judicial District Court of Dallas

County, Texas.  Since no remaining case or controversy exists with respect to the state law claims,

UTSW's motion to dismiss the state law claims based on sovereign immunity (doc. 7) should be

denied as moot.

**Recommendation**

The Court recommends that the District Court **grant** the United States' Motion (doc. 8) and

**remand** the remaining pendant state law claims to the 101st Judicial District Court of Dallas

County, Texas.  The Court further recommends that the District Court **deny as moot** UTSW's

Motion to Dismiss (doc.  7).

SO RECOMMENDED, April 2, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).